I JIMMIE C. PETERS, Judge.
The defendant, Albert C. Girtley, Sr., entered guilty pleas to one count of attempted manslaughter, a violation of La. R.S. 14:31 and La.R.S. 14:27,[1] and one count of possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1,[2] on December 16, 2002. After obtaining a presentence investigation report, the trial court sentenced the defendant to serve twenty years at hard labor on the conviction for attempted manslaughter and to serve fifteen years at hard labor, without the benefit of probation, parole, or suspension of sentence, and to pay a $1,000.00 fine on the conviction for possession of a firearm by a convicted felon. The trial court then ordered that the sentences run consecutively. After the trial court rejected his motion to reconsider his sentence, the defendant filed this appeal.
The factual background is not in dispute. On September 17, 1991, the defendant had been convicted of attempted *231 manslaughter. On April 6, 2002, he shot Michael Dwane Joseph twice with a firearm. In his sole assignment of error, the defendant asserts that the trial court erred in accepting his guilty pleas without adequately explaining the possible maximum incarceration sentences that could be imposed for the convictions. Specifically, the defendant asserts that the trial court erred in not advising him that the sentences could be imposed consecutively.
Louisiana Code of Criminal Procedure Article 556.1 lists the subjects which the trial court must personally address with a defendant before accepting a felony guilty plea. Included within those subjects is the requirement that the trial court inform the defendant of “[t]he nature of the charge to which the plea is offered, the [¡.mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.” La.Code Crim.P. art. 556.1(A)(1) (emphasis added).
As charged in this case, the offense of attempted manslaughter has no mandatory minimum penalty and has a maximum possible penalty of twenty years at hard labor. La.R.S. 14:81(B); La.R.S. 14:27(D)(3). An individual convicted of possession of a firearm by a convicted felon is subject to a mandatory minimum penalty of ten years at hard labor and a $1,000.00 fine and a maximum possible penalty of fifteen years at hard labor and a $5,000.00 fine. La.R.S. 95.1(B). Any incarceration sentence under that statute is to be served without benefit of parole, probation, or suspension of sentence. Id.
At the hearing in which the defendant entered his pleas, the trial court specifically advised the defendant of the following:
You understand that to the charge of attempted manslaughter the court could give you no time in jail up to twenty years and to the charge of one count of possession of a firearm by a felon the court could give you ten years up to fifteen years without benefit, or pay a fine of $1,000.00 not to exceed $5,000.00 or both, do you understand that?
The ^defendant responded, “Yes sir.” Thus, the trial court clearly informed the defendant of the mandatory minimum penalty and the maximum possible penalty for each charge.
The defendant argues on appeal that he believed the maximum sentence he could receive was twenty years and that, had he known he could be sentenced to thirty-five years, he would not have entered his guilty pleas. He points out that La.Code Crim.P. art. 883 provides that, generally, “[i]f [a] defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently | ¡.unless the court expressly directs that some or all be served consecutively.”
The defendant directs us to no reported Louisiana cases interpreting La. Code Crim.P. art. 556.1 in which multiple pleas are entered at the same time. In his appellate brief, he cites us to Iowa v. White, 587 N.W.2d 240 (Iowa 1998), as authority for his position. In that case, the defendant argued that his plea was constitutionally invalid because the trial court failed to inform him that the maximum punishment that could be imposed included consecutive sentences. He suggested that this violated Iowa Rule of Criminal Procedure 8 and the United States Constitution. The Iowa Supreme Court agreed, stating that failure to inform the defendant of the “maximum possible punishment” violated Iowa Rule of Criminal Procedure 8 and the requirements of the United States Constitution. Id. at 246.
We also have found no reported Louisiana cases interpreting La.Code Crim.P. *232 art. 556.1 in the context of multiple pleas. However, we note that La.Code Crim.P. art. 556.1 addresses the trial court’s explanation requirements in terms of a “charge,” not “charges.” In this cafe, the trial court informed the defendant of the minimum and maximum penalties for each charge. It logically follows that a defendant, when informed of his exposure on each charge, can mathematically calculate his total exposure if the trial court chooses to impose the sentences consecutively. Had the legislature intended that the trial court specify to a defendant that multiple sentences could be imposed consecutively, it could have so stated. We will not judicially engraft that requirement onto the statute.
Further, while we are not bound by the Iowa Supreme Court’s interpretation of Iowa law, we do not find it in conflict with our interpretation of Louisiana law. Louisiana Code of Criminal Procedure Article 556.1 is written in terms of each | individual charge, and Iowa Rule of Criminal Procedure 8 addresses the “maximum possible punishment” that can be imposed. (Emphasis added.) In the case before us, the trial court informed the defendant of the maximum possible sentence that could be imposed on each count. As previously stated, we find nothing in Louisiana law or jurisprudence which requires a trial court to inform a defendant of the aggregate maximum possible punishment to which he could be exposed when pleading to multiple offenses.
Nothing in the record suggests that the defendant was induced to plead guilty to both counts by unkept promises or misrepresentations on the part of the trial court, the state, or the defendant’s counsel. The record reflects that the defendant specifically acknowledged his pleas were not subject to a sentencing agreement. The more reasonable explanation for the defendant’s inducement to enter into the plea agreement was the state’s reduction of the one count from attempted second degree murder to attempted manslaughter and the state’s agreement not to pursue him as an habitual offender. These agreements reduced his incarceration exposure significantly. Accordingly, we find no merit in the defendant’s assignment of error.
DISPOSITION
For the foregoing reasons, we affirm the defendant’s convictions and sentences.
AFFIRMED.
WOODARD, J., dissents with reasons.

. Louisiana Revised Statutes 14:27 was amended by 2003 La. Acts Nos. 166 and 745. However, these amendments do not affect the outcome of this case.

. Louisiana Revised Statutes 14:95.1 was amended by 2003 La. Acts No. 674. However, the amendment does not affect the outcome of this case.